UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUDDSAR KHAN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LODI, LODI POLICE OFFICERS MICHAEL HITCHCOCK, individually, (N) WOODS, individually, and DOES 1 through 30, jointly and severally,<br><br>Defendants. | No. 2:17-cv-02169-MCE-AC<br><br>**MEMORANDUM AND ORDER** |

Through the present lawsuit, Plaintiff Muddsar Khan ("Plaintiff") alleges he was wrongfully arrested following a negligently performed investigation that resulted in him being falsely implicated in a strong-arm robbery that allegedly occurred in Lodi, California. Plaintiff's lawsuit names both the City of Lodi and two Lodi Police Officers, Michael Hitchcock and N. Woods, as Defendants.[1] The Complaint includes fourteen causes of action, including two claims for violations of 42 U.S.C. § 1983, state law claims premised on the California Constitution and California Civil Code § 52.1, and eight claims based on state common law,

///

---

[1] This Memorandum and Order will refer to said Defendants collectively unless otherwise noted.

1

Presently before the Court is Defendants' Motion to Dismiss the operative Third Amended Complaint ("TAC") pursuant to Federal Rule of Civil Procedure 12(b)(6), on grounds that Plaintiff's Complaint fails to state viable claims as to certain claims and with respect to certain Defendants named in the various causes of action. As set forth below, that Motion is GRANTED.[2]

## BACKGROUND[3]

According to Plaintiff's Complaint, a strong-arm robbery occurred on January 21, 2015, at 1050 S. Stockton Street in Lodi, California. The victim of that robbery told the investigating Lodi Police Officer, Defendant Hitchcock, that the vehicle involved was a black Toyota with license plate number 7JTM559. Hitchcock allegedly took a picture of the victim's hand on which that information had been recorded. The victim also described the purported robber as a "young adult between 18-30 years old, tall and slender" and "either Hispanic or Pakistani". Pl.'s TAC, ¶ 22. Hitchcock obtained no other identifying features like clothing, eye and hair color, whether the individual had glasses or facial hair, and whether he spoke with an accent.

The Police Report prepared by Hitchcock states he used the license number written down by the victim to identify Khan as the registered owner of the vehicle involved in the incident even though, according to Plaintiff's TAC, the Department of Motor Vehicles ownership history does not show Plaintiff as the owner of a vehicle with that license number. Id. at ¶ 17. Officer Hitchcock then created a "six pack" photo

---

[2] The Court notes at the onset that Plaintiff has agreed to withdraw his Third Count predicated on a violation of the California Constitution, as well as his Twelfth Count against the City of Lodi for Negligent Hiring, Supervision and Retention. Given those withdrawals, the Court need not further address Defendants' Motion to the extent it is directed to those claims. Additionally, in response to Defendant's claim that Plaintiff insufficiently pled compliance with the California Tort Claims Act by not specifying what action the City took in response to his claim, Plaintiff has requested leave to further amend his claim, and because the City does not object to that request, that issue will also not be further analyzed in this Memorandum and Order.

[3] Unless otherwise indicated, the facts set forth in this Section are taken, at times verbatim, from the allegations contained in Plaintiff's TAC. ECF No. 42.

lineup using the Plaintiff's picture along with pictures of five other men, three of Hispanic and two of Middle Eastern descent. All of those individuals except one had facial hair. Plaintiff's photo did not depict any facial hair, and Plaintiff avers that the only other individual without facial hair in the photo lineup was "substantially heavier" than he was and wore eyeglasses. Id. at ¶ 24. Plaintiff was apparently positively identified as the suspect based on that allegedly suggestive lineup.

After staking out Plaintiff's residence in Lodi, and following multiple spot checks without any sign of the suspect vehicle, Officer Hitchcock claims to have observed a black Toyota Camry bearing license plate number 7PMH355 (not a match to the number the victim had provided) in the area where Plaintiff lived. Hitchcock notified another Lodi Police officer, Defendant Woods, of this by way of radio communication and Woods effectuated a traffic stop of Plaintiff's vehicle, allegedly because he had crossed the fog line. Once Plaintiff exited the vehicle at Officer Woods' request, Plaintiff claims he was "immediately detained" and placed "in handcuffs," even though he complied with directives, showed no signs of intoxication or erratic behavior, and exhibited no aggression towards Officer Woods. Plaintiff claims these actions were "excessive." Id. at ¶ 29.

Following his arrest, Plaintiff was booked into the Lodi Jail on charges of attempted robbery under California Penal Code §§ 664 and 211, and on grounds that he annoyed or molested a child under 18 years of age in violation of § 647.6(a). A criminal complaint was subsequently filed on January 23, 2015, and Plaintiff claimed he expended some $60,000 to defend himself against the resulting charges, as well as another $15,000 in bail costs to secure his release from jail. Id. at ¶ 35. On April 24, 2017, however, more than two years later, Deputy District Attorney Nicole Volotzky allegedly told Plaintiff that Officer Hitchcock had made a mistake both in his report and in testifying under oath at Plaintiff's criminal preliminary hearing as to the license plate number he had used to identify Plaintiff the day of the incident. Id. at ¶ 19. The

///

San Joaquin County District Attorney ultimately dismissed the charges against Plaintiff, in the interest of justice, on March 23, 2018.  Id. at ¶ 36.

## STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief."  Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."  Id. (citing Wright &

4

Miller, supra, at 94, 95).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."  Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment."  Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

### A.  Excessive Force

Plaintiff's First Count, as set forth in the operative TAC, alleges violations of 42 U.S.C. § 1983 on grounds that his "detention, arrest [and] **seizure**…. was done in violation of Plaintiff's constitutional rights guaranteed by the Fourth Amendment to the

5

United States Constitution.  TAC, ¶ 45., emphasis added.  Although Defendants do not dispute that Plaintiff has stated a cognizable claim to the extent the First Count is based on wrongful arrest, they claim that any allegations of excessive force in connection with Plaintiff's "seizure" are legally insufficient.  Defs.' Reply, ECF No. 54, 3:20-22.  The only averments in the TAC that even arguably implicate excessive force are Plaintiff's claim that following the traffic stop he was immediately removed from his vehicle, handcuffed, and placed in Officer Woods' patrol car.  TAC, ¶ 29.

As Defendants point out, allegations of excessive force are examined under the Fourth Amendment's prohibition on unreasonable seizures.  Graham v. Connor, 490 U.S. 386, 388 (1989).  In determining whether an officer's acts were objectively unreasonable in this regard, the intrusion on an individual's Fourth Amendment interests must be "carefully balanced" against the countervailing governmental interests at stake.  Id. at 396.   That assessment requires a balancing of the severity of the force used with the need for such force.  Forester v. City of San Diego, 25 F.3d 804, 806 (9th Cir. 1994).  The Court agrees that simply arguing that Plaintiff was handcuffed and placed in a patrol vehicle, without more, cannot be considered excessive force.  The fact that Defendants may have lacked probable cause to make the arrest in the first place, and to have subsequently detained Plaintiff in that manner, goes to wrongful arrest and not to excessive force.  Plaintiff's attempt to conflate the two issues is misplaced, and Defendants' motion to dismiss Plaintiff's First Claim to the extent it alleges excessive force must be GRANTED.

### B.    Municipal Liability Under 42 U.S.C. § 1983

Plaintiff's Second Count alleges municipal liability on the City of Lodi's part for violations of 42 U.S.C. § 1983.  To recover against the City on that basis, Plaintiff must establish that the City had a policy or custom amounting to deliberate indifference to Plaintiff's constitutional rights, and that such policy or custom was a moving force behind the constitutional violations alleged by Plaintiff.  Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978); Miranda v. City of Cornelius, 429 F.3d 858, 868 (9th Cir. 2005).

1    Plaintiff's TAC argues in conclusory fashion that the Lodi Police Department
2    "maintains policies/customs allowing its personnel and/or police officers… to engage in
3    improper/inadequate investigating techniques" that are deficient in that they "promote
4    police officer conduct that leads to misidentification of innocent persons and their arrest."
5    TAC, ¶ 34.  Defendant City, in moving to dismiss, argues that without any additional
6    facts which actually demonstrate such customs/policies, Plaintiff's so-called Monell claim
7    is "wholly inadequate."  Defs.' Mot., ECF No. 46-1, 6:3-5.  Plaintiff has not, for example,
8    identified any pre-existing pattern of arrests under similar circumstances that could
9    conceivably support a custom/practice of improper investigation techniques leading to
10   such arrests.

11   In assessing whether a claim is facially plausible in its allegations, the Supreme
12   Court has found that "threadbare" allegations of a cause of action's requirements,
13   supported by mere conclusory statements, must be ignored, with only "well pleaded
14   factual allegations" being sufficient to withstand pleading inquiry.  Ashcroft v. Iqbal,
15   556 U.S. 662, 678-79 (2009).  Iqbal's directive in this requirement has been extended in
16   the context of municipal liability claims to require specific factual averments, including
17   both identifying the challenged policy/custom, delineating how the policy/custom at issue
18   was deficient, and how any deliberate indifference occasioned thereby harmed the
19   plaintiff.  See Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009).
20   Because Plaintiff's allegations against the City fall far short of meeting that standard,
21   Defendant City's Motion to Dismiss Plaintiff's Second Count must be GRANTED.

22       **C.    Negligent Infliction of Emotional Distress**

23   A cause of action for negligent infliction of emotional distress is limited to very
24   specific factual circumstances under either a so-called "bystander" theory, or when a
25   plaintiff is deemed a "direct victim" of conduct presumed to cause severe emotional
26   distress.  Burgess v. Superior Court, 2 Cal. 4th 1064 (1992).  Plaintiff concedes that he
27   does not seek to state a claim under the "bystander" variant, which is triggered when a
28   plaintiff suffers severe emotional distress as a result of witnessing a close family

7

member's physical injury to a defendant's negligence. Id. at 1075; see Pl.'s Opp., 8:16-19. While Plaintiff does maintain that he can state a viable claim for negligent infliction as a direct victim, any such entitlement requires a breach of a duty of care owed directly to him, along with the resulting severe emotional distress. Burgess, 2 Cal. 4th at 1073.

The California Supreme Court, however, has made it clear that plaintiffs can recover damages as "direct victims" for purposes of the cause of action only in three kinds of particular factual situations:  1) the negligent mishandling of corpses; 2) the negligent misdiagnosis of a disease; and 3) a negligent breach of a duty arising from a specific preexisting relationship. See id. at 1076-77. Here, there is no averment that Plaintiff could possibly seek relief under any such entitlement, and as such his negligent infliction of emotional distress claim fails.

## CONCLUSION

For all the above reasons, Defendants' Motion to Dismiss (ECF No. 46) is GRANTED[4]  as follows:

1. Plaintiff's First Count is dismissed, to the extent it states any claim predicated on excessive force, with leave to amend;
2. Plaintiff's Second Count is dismissed, with leave to amend;
3. Given Plaintiff's stated withdrawal of both his Third and Twelfth Counts, those Counts are dismissed, without further leave to amend;
4. Plaintiff's Fourth through Eleventh Counts are dismissed for failure to comply with the California Tort Claims Act, with leave to amend.

While Plaintiff is being afforded one additional opportunity to amend his complaint to rectify any further pleading deficiency, the Court's decision in that regard is predicated on the fact that no detailed order outlining the complaint's deficiencies has previously

---

[4] Having determined that oral argument would not be of material assistance, the Court ordered the Motion submitted on the briefs pursuant to Local Rule 230(g).

been issued. Otherwise, Plaintiff should be forewarned that, barring unforeseen circumstances. no further leave to amend will be permitted.

If Plaintiff desires to file a Fourth Amended Complaint, he is directed to do so not later than twenty (20) days following the date this Memorandum and Order is electronically filed. If no further amended complaint is filed in said twenty (20) days, this action will be dismissed with no further notice to the parties.

IT IS SO ORDERED.

Dated: May 19, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE