UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUDDSAR KHAN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LODI, LODI POLICE OFFICERS Michael Hitchcock, Individually, (N) Woods, Individually, and Does 1 through 30, Jointly and Severally,<br><br>Defendants. | No. 2:17-cv-02169-MCE-EFB<br><br>**ORDER** |

In this action, Plaintiff Muddsar Khan ("Plaintiff") alleges he was wrongfully arrested following a negligently performed investigation that falsely implicated him in a strong-arm robbery. Plaintiff's lawsuit names the City of Lodi, where the robbery allegedly occurred, and two Lodi Police Officers, Michael Hitchcock and N. Woods, as Defendants.[1]  Now before the Court is the Defendants' Motion to Dismiss (ECF No. 60) certain claims and Plaintiff's concurrent request to withdraw those same claims. For the foregoing reasons, the Defendants' motion is GRANTED.

---

[1] This Order will refer to said Defendants collectively unless otherwise noted.

1

Previously, this Court dismissed Plaintiff's civil rights claims—excessive force and a Monell claim for municipal liability—and certain state law claims with leave to amend. Mem. and Order, ECF No. 56. In response, the Plaintiff filed the Fourth Amended Complaint ("Complaint") in a timely fashion. Pls. Fourth Am. Compl., ECF No. 57. The Complaint alleges ten causes of action—various civil rights claims encompassed within a single count for violation of 42 U.S.C. § 1983 and nine state law claims. However, the Complaint mainly re-alleged the allegations contained in its predecessor, the Third Amended Complaint, without adding new factual allegations, save those supporting a constitutional claim for false arrest.

Defendants then filed the present Motion to Dismiss Plaintiffs' nine state law claims, and the civil rights claims to the extent they do not relate to false arrest. While conceding that the constitutional false arrest claim is "facially valid," (Defs. Mem. Supp. Mot. to Dismiss, 6:7–6:20, ECF No. 60) Defendants maintain that none of the state law claims can be maintained because Plaintiff's Complaint still does not show he complied with the requirements for presenting a tort claim as mandated by the California Government Claims Act. Id. at 7:20–9:6. Additionally, with respect to Plaintiff's civil rights claims, Defendants assert that Plaintiff failed to allege any new facts to remedy the Monell claim's deficiencies as identified in the Court's previous Order. Id. at 7:4–7:8.

Plaintiffs, in meeting and conferring with Defendants in the wake of their Motion, have agreed to voluntarily dismiss all claims except the first cause of action to the extent in pertains to false arrest. Pls. Opp'n to Defs. Mot. to Dismiss, ECF No. 66. This Court construes this request as a having been made pursuant to Federal Rule of Civil Procedure, Rule 15. Defendants corroborate the Plaintiff's offer in this respect and have made an identical request for dismissal. Defs. Reply to Pls. Opp'n, ECF No. 67.

Since both parties agree to which claims should be dismissed, no further analysis of Plaintiff's Complaint and Defendants' arguments for dismissal is necessary. Thus, this Court DISMISSES all nine state law claims (the Second through Tenth Causes of Action), the claim for municipal liability under Monell against Defendant City of Lodi as

stated in the First Cause of Action, and any other civil rights claim asserted within the First Cause of Action with the exception of false arrest.

Defendant Hitchcock is hereby ordered to file an answer to Plaintiff's remaining constitutional false arrest claim pursuant to 42 U.S.C. § 1983, as stated in the First Cause of Action, within thirty days of the electronic filing of this Order.

IT IS SO ORDERED.

Dated: March 29, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE